WILLIAMS, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 560—Decided March 18, 1959.)

*Mr. Roger C. O'Donnell* and *Messrs. McCulloch, Felger & Fite,* for appellee.

*Mr. Baird Broomhall, Mr. Jay G. O'Donnell* and *Mr. Forest L. Blankenship,* for appellant.

*Per Curiam.* This cause is submitted on motion of plaintiff, appellee herein, for an order requiring defendant, appellant herein, to elect "whether his appeal is to be perfected upon fact or upon law, as the appellant states in his notice of appeal that it is based upon fact, and upon law and fact."

The notice of appeal states that the appeal shall be "upon questions of law, and upon questions of law and fact." This type of notice of appeal is unusual. The appellant must recognize the type of appeal permitted and suitable to his case. The motion to elect will be considered as a motion to dismiss the appeal on questions of law and fact.

The appeal is from an order of the Common Pleas Court for the payment of alimony. The appellant contends that while this matter was pending in the trial court he filed a separate action in the Common Pleas Court for a declaratory judgment based on a separation agreement, and requested a stay of the alimony proceedings. The motion for a stay was overruled. Appellant claims that the action for a declaratory judgment was an equitable action and that by force of that action this appeal is from a cause equitable in nature. The action for a declaratory judgment is not a part of this proceeding and is not

before us. Whether that action was legal or equitable in character has no bearing whatever on the question raised here. The "chancery" test applied before the amendment of Section 2501.02, Revised Code, is no longer applicable.

Whether the plaintiff can sustain his appeal on questions of law and fact is determined by the provisions of Section 2501.02, Revised Code (126 Ohio Laws, 56), as amended, effective October 4, 1955. This proceeding was instituted December 23, 1957. The above-cited section enumerates in ten separate paragraphs the classes of action in which an appeal on questions of law and fact may be taken. Appeal in an alimony proceeding is not listed as one of them. The section contains this provision:

"In all cases not falling within the classes designated above the Court of Appeals shall have jurisdiction to proceed as in an appeal on questions of law only."

The appeal on questions of law and fact will be dismissed. The appeal will stand as an appeal on questions of law. Section 2505.23, Revised Code. The record does not show the filing of a bill of exceptions. If a bill has been filed, the court orders the bill to be refiled as of the date this opinion is journalized, as provided in Rule V D of the Rules of the Courts of Appeals. If no bill has been filed, the court orders such bill to be prepared and settled in the trial court within 30 days after this opinion is journalized as provided in Section 2321.05, Revised Code, and Rule V D, *supra*. Assignments of error and briefs shall be filed as provided in Rule VII A (2) of the Rules of the Courts of Appeals.

*Judgment accordingly.*

WISEMAN, P. J., CRAWFORD and KERNS, JJ., concur.